UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | B/K Case No. 21-00741-DD |
| ANTHONY JAMES LUCAS ) | |
| DEBORAH EILEEN LAMONT LUCAS ) | Chapter 7 |
| ) | |
| Debtors ) | |

_____

**NOTICE OF MOTION/APPLICATION AND OPPORTUNITY FOR HEARING**
_____

Kevin Campbell, Trustee has filed papers with the Court objecting to your exemption.

**Your rights may be effected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may with to consult one.)**

If you do not want the court to disallow the exemption, or you want the court to consider your views on the objection, then within twenty-one (21) days of service of this notice, you or your attorney must:

File with the court a written response, return or objection at:

> 1100 Laurel Street
> Columbia, SC 29201

Response, returns or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

> Michael H. Conrady, Esq.
> Post Office Box 684
> Mt. Pleasant, SC 29465

Attend the hearing scheduled to be heard on **July 20, 2021 at 9:00 a.m.** in the United States Bankruptcy Court, 145 King Street, Room 225, Charleston, South Carolina.

If no response, return, and/or objection is timely filed and served, no hearing will be held on this objection, except at the discretion of the judge.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief south in the motion or objection and may enter an order granting that relief.

CAMPBELL LAW FIRM, P.A.

/s/ Michael H. Conrady
MICHAEL H. CONRADY
Attorney for the Trustee
Post Office Box 684
Mt. Pleasant, SC 29465
(843) 884-6874/884-0997(fax)
District Court I.D. No. 5560
mconrady@campbell-law-firm.com

Mt. Pleasant, South Carolina
This 8th day of June, 2021

1

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | B/K Case No. 21-00741-DD |
| ANTHONY JAMES LUCAS ) | |
| DEBORAH EILEEN LAMONT LUCAS ) | Chapter 7 |
| ) | |
| Debtors ) | |

_____

**OBJECTION TO PROPERTY CLAIMED AS EXEMPT**
_____

TO: DEBTORS, CHRISTINE E. BRIMM, ATTORNEY FOR THE DEBTORS

Kevin Campbell, the duly appointed and acting Chapter 7 Trustee for the above Debtor, by and through his undersigned attorney, hereby objects to the property claimed as exempt by the Debtors and would respectfully show unto this honorable Court as follows:

1. The Debtors filed for Chapter 7 bankruptcy relief on March 17, 2021.

2. On March 17, 2021,the Debtors filed all Schedules, including Schedule A/B and C. As part of Schedule A/B, the Debtors disclosed a joint ownership interest in 41 Discovery Lane, Pawley's Island, SC (the "Residence") as well as a jointly owned burial plot located in Concord, MA (the "Burial Plots").

3. The Debtors each filed separate Schedule C's, with the Debtor Husband asserting a $55,694 exemption in the Residence pursuant to S.C. Code §15-410-30(a)(1)(a). The Debtor Wife asserted a $55,694 exemption in the Residence pursuant to S.C. Code §15-410-30(A)(1)(a) and an $1,800 exemption in the Burial Plots also pursuant to S.C. Code §15-41-30(A)(1)(a).

4. Both Debtors also asserted a $1,400 exemption in a joint bank account with the Bank of America (-3477) joint bank account pursuant to Section 6428A, IRC.

5. On April 28, 2021, the Debtors filed amended Schedules A/B and C. Through the amended Schedule C, the Debtor Husband continued asserting a $55,694 exemption in the

Residence pursuant to S.C. Code §15-410-30(a)(1)(a) but added an additional $900 exemption in the Burial Plots pursuant to S.C. Code §15-41-30(A)(1)(a). The Debtor wife continued to assert a $55,694 exemption in the Residence pursuant to S.C. Code §15-410-30(A)(1)(a) and reducing to $900 the exemption in the Burial Plots also pursuant to S.C. Code §14-41-30(A)(1)(a). They both also each continued to asserted a $1,400 exemption in a joint bank account with the Bank of America (-3477) pursuant to Section 6428A, IRC.

6. The Trustee objects to the exemptions asserted by each of the Debtors as it relates to the exemptions claimed in the Residence and Burial Plots, as well as the joint checking account with the Bank of America (-3477).

## **Analysis**

As South Carolina has "opted out" of the use of federal exemptions, pursuant to 11 U.S.C. §522(b)(3)(A) Debtors in bankruptcy may claim certain property as exempt under "State or local law that is applicable on the date of the filing of the petition...".

S.C. Code §15-41-30(A)(1)(a) provides in part for an exemption in "the debtor's aggregate interest, not to exceed fifty thousand dollars in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence... **or** in a burial plot for the debtor or dependent of the debtor...(emphasis added). This exemption clearly allows for either an exemption in real or personal property used as a residence **or** in a burial plot. It does not provide for an exemption in both. If the state legislature had intended the debtor to be able to exempt both, the legislation would have used the word "and" instead "or", which is the actual word used.

Further, as provided for in the March 25, 2021 guidance published by the Office of the United States Trustee, the "recovery rebates" under the American Rescue Plan Act or 2021 and CARES Act, would be not be property of the estate. In particular, Congress added 11 U.S.C. §541(A)(11) to include "recovery rebates made under section 6428 of the Internal Revenue Code

of 1986."

This amendment excludes from property of the estate the "recovery rebates" themselves. The exemption does not extend to property that is traceable to the recovery rebates. Once these rebates were deposited into the Debtors' joint account, they were commingled and became funds on "deposit" which are considered liquid assets as defined in S.C. Code §15-41-30(A)(5). This exemption is not available to the Debtors as they have instead claimed a homestead exemption.

WHEREFORE, the Trustee prays that this Court deny the Debtors' exemption in either their Residence or the Burial Plots, and deny the exemptions pursuant to Section 6428A, IRC in the joint bank account with the Bank of America (-3477); and for such other and further relief this Court deems just and equitable.

Respectfully submitted,

CAMPBELL LAW FIRM, P.A.

 /s/ Michael H. Conrady
MICHAEL H. CONRADY
Attorney for the Trustee
Post Office Box 684
Mt. Pleasant, SC  29464
(843) 884-6874/884-0997(fax)
District Court I.D. No. 5560
mconrady@campbell-law-firm.com

Mt. Pleasant, South Carolina
June 9, 2021