## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

IN RE:

Anthony James Lucas and
Deborah Eileen Lucas,

                                          Debtors.

Case No. 21-00741-DD

Chapter 7

**ORDER**

The issue before the Court is whether Debtors are entitled to the homestead exemption

found in S.C. Code § 15-41-31(A)(1)(a) in both their residence and a burial plot. Debtors claim

exemptions in both, and the trustee objects. The trustee also objected to Debtors' exemption in

funds received under the CARES Act of 2020, but he has since withdrawn that objection, and the

Court need not address it here.

On March 17, 2021, Debtors filed a voluntary joint petition for relief under chapter 7 of

the Bankruptcy Code. Their schedules reflect joint ownership interests in the residential property

at 41 Discovery Lane, Pawleys Island, South Carolina, (the "Residence") and a burial plot in

Concord, Massachusetts (the "Burial Plot"). Debtors each filed an amended Schedule C on April

28, 2021, and each asserted exemptions pursuant to S.C. Code § 15-41-31(A)(1)(a) in the

amounts of $55,694.00 in the Residence and $900.00 in the Burial Plot. Kevin Campbell, the

chapter 7 trustee ("Trustee") timely filed an objection to the exemptions. Debtors timely filed a

response.

### ANALYSIS

Upon the filing of Debtors' bankruptcy case, an estate was created which consists of "all

legal or equitable interests of the debtor in property as of the commencement of the case." *In re*

*Jordan*, 624 B.R. 147, 149 (Bankr. D.S.C. 2020) (quoting 11 U.S.C. § 541; *In re Holt*, 497 B.R.

817, 824 (Bankr. D.S.C. 2013)). "Section 522(b) of the Bankruptcy Code allows debtors to

exempt certain property from the estate and offers the debtor a choice between utilizing the

exemptions set forth in § 522(d) or using the exemptions provided by federal nonbankruptcy law

and state law, unless applicable state law provides otherwise." *Id*. (citing *Holt* at 824.) South

Carolina has opted out of the federal bankruptcy exemptions and provides its own list of

exemptions that can be found in S.C. Code § 15-41-30[1]. South Carolina domiciliaries may claim

the state exemptions which generally protect greater values than does the federal bankruptcy

exemption scheme.

Section 15-41-30(A)(1)(a) exempts from the estate "[t]he debtor's aggregate interest, not

to exceed fifty thousand dollars in value, in real property or personal property that the debtor or a

dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or

a dependent of the debtor uses as a residence, **or** in a burial plot for the debtor or a dependent of

the debtor, except that the aggregate value of multiple homestead exemptions allowable with

respect to a single living unit may not exceed one hundred thousand dollars. If there are multiple

owners of such a living unit exempt as a homestead, the value of the exemption of each

individual owner may not exceed his fractional portion of one hundred thousand dollars"

(emphasis added). The dollar amounts in the exemption statute are adjusted in each even-

numbered year, beginning July 1, 2008. The adjustments are published in the State Register, and

the homestead exemption values are now $63,250.00 for one debtor and a total of $126,475.00 in

aggregate in the event a living unit is owned by multiple owners. The statute creating exemptions

for debtors must be construed liberally in favor of the debtor and the exemption. *In re Nguyen*,

211 F.3d 105, 110 (4th Cir. 2000). In assessing whether an exemption is proper, the party

---

[1] This statute sets out most of the South Carolina exemptions, but it is not the only source of exemptions found in the
South Carolina Code. *See In re Jordan*, 624 B.R. 147 (Bankr. D.S.C. 2020).

objecting to an exemption has the burden of proof to show that exemption is not properly

claimed. Fed. R. Bankr. P. 4003(c).

Trustee objects to Debtors asserting exemptions in both the Residence and the Burial Plot

based on his contention that the "or" in the statute is to be interpreted as exclusive, meaning that

Debtors can only claim an exemption in one of the listed items, in this case the Residence or the

Burial Plot, but not both. The alternative interpretation of "or" would be inclusive, pursuant to

which a debtor could choose to source the exemption value from one or multiple options

included in the list. Counsel for Debtors promotes the inclusive interpretation of "or" as it is

found elsewhere in the exemption statute. Neither of the parties nor the Court has found binding

case law or persuasive published authority that considers this issue.

In this case, the Trustee has the burden to show why Debtors are unable to claim

exemptions in both the Residence and the Burial Plot. He has failed to meet that burden.

While interpreting the use of "or" in South Carolina's exemption statute, this Court also

looks to the inclusion of the word "aggregate" earlier in the subsection. According to the

Merriam Webster dictionary, "aggregate" is defined as "formed by the collection of units or

particles into a body, mass, or amount." "aggregate." *Merriam-Webster.com*. Merriam-Webster,

2021. Web. July 27, 2021. The inclusion of "aggregate" as a descriptor for the interest suggests

that the exemption that a debtor can claim pursuant to Section 15-41-30(A)(1)(a) can be derived

from multiple sources. The section goes on to list the available sources from which the

homestead exemption can be claimed as (1) real or personal property that the debtor uses as a

residence, (2) a cooperative that owns property that the debtor uses as a residence, or (3) a burial

plot for the debtor. It is this Court's interpretation that the term "aggregate" interest supports the

conclusion that "or" in the statute is inclusive and that debtors may claim up to the aggregate the

amount of the homestead exemption in any one or more of the properties listed in Section 15-41-30(A)(1)(a).

Interpretating the "or" found in the South Carolina subsection describing the homestead exemption as an inclusive "or" is also consistent with the Court's view of the proper interpretation of other subsections of the exemption statute. As pointed out by counsel for the Debtors, Sections 15-41-30(A)(3) and (A)(11) contain exemptions that are often asserted in multiple items. In Section 15-41-30(A)(3), a debtor is permitted to claim as exempt his interest "in **aggregate** value in household furnishings, household goods, wearing apparel…**or** musical instruments" (emphasis added) that are held for personal use by the debtor. It would be odd, and inconsistent with the underlying principles of exemption law, if debtors were forced to choose between furniture or clothes. Likewise, Section 15-41-30(A)(11) allows a debtor to exempt from the bankruptcy estate the right to receive property traceable to multiple sources that are separated by a final "or." Under the Trustee's interpretation, the debtor would have to choose between an available pension, a social security benefit, a veteran's benefit, or alimony. It is the routine practice in this district to treat the exemptions found under those subsections as available in any or all of the multiple items listed. A debtor is not limited to exempting the value of only household furnishing or musical instruments, for example, but can claim the aggregate value in items from all the listed categories of property, subject to the dollar cap. The sentence structure of subsection (A)(3) in particular is the same as that of subsection (A)(1), which again suggests that the "or" in the exemptions should be interpreted in the same inclusive manner.

In keeping with the policy to construe exemption statutes liberally in favor of both the debtor and the exemption, this Court overrules the Trustee's objection to Debtors' homestead exemption asserted in both the Residence and the Burial Plot. The "or" found in Section 15-41-

30(A)(1)(a) should be interpreted as inclusive to allow debtors to assert an exemption in one or

more of the listed properties, subject to the dollar cap. Therefore, Debtors' exemption claimed in

both the Residence and the Burial Plot is allowed.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**07/28/2021**



Entered: 07/28/2021

David R. Duncan
US Bankruptcy Judge
District of South Carolina